# Russell & Company *v.* Pittsburg, Neville Island and Coraopolis Railway Company.

*Contract—Written agreement—Parol evidence as to time of continuance.*
Where a written agreement is silent as to the time during which it is to continue in force, parol evidence is admissible to prove the intention of the parties.

*Assignment of error—Charge of the court.*
An assignment of error to the charge of the court which fails to embody an entire proposition, but only excerpts a part of the proposition, is unfair to the trial judge and is an improper assignment.

Argued April 10, 1901.    Appeal, No. 107, April T., 1901, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T.; 1896, No. 880, on verdict for plaintiff in case of Russell & Company v. Pittsburg, Neville Island and Coraopolis Railway Company.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

196　　RUSSELL & CO. v. RAILWAY CO.

Statement of Facts—Opinion of the Court. [17 Pa. Superior Ct.

Assumpsit on a contract for a machine.　Before STOWE, P. J.

At the trial it appeared that the contract out of which the controversy arose was in writing, but that it did not specify the time during which the contract was to continue.　The court under objection and exception admitted evidence as to the time during which the contract was to continue. [1]

Verdict and judgment for plaintiff for $1,405.83.　Defendant appealed.

*Errors assigned* were (2) rulings on evidence, quoting the bill of exceptions.　(3) Excerpt from the charge referred to in the opinion of the Superior Court.

*W. A. Challener*, with him *Clarence Burleigh*, for appellant.

*Henry A. Davis*, of *Davis & Galbraith*, for appellee.

OPINION BY BEAVER, J., May 23, 1901:

In the specifications accompanying a proposal made by the plaintiff to the defendant to furnish a complete steam plant for operating defendant's electric railway, between the items " Fittings and supplies " and " Erection," there occurs this clause : " Pittsburg, Neville Island and Coraopolis Electric Railway Co., hereby agree to award Russell & Co., contract for future increase for running their electric railway ; increase to include one 17 × 24 valve engine ; 16 feet 5 inch steel shaft ; 2 floor stands ; 2 couplings and 2 collars, for which said Pittsburg, Neville Island & Coraopolis Electric Railway Co. is to pay twenty-eight hundred and forty-five dollars."　The proposal was accepted in due form by the defendant.

Plaintiffs allege that defendant not only failed to award the contract to them, as agreed, but placed it out of their power to do so by a removal of their power plant to an entirely different place, and brought suit for the recovery of the profit which would have accrued to them, if the contract, as alleged by them, had been carried into effect.

The points presented by both plaintiffs and defendant were all refused.　It is clear that the court could have affirmed the defendant's point asking for binding instructions, only in case the parol testimony, which was somewhat conflicting, in regard

to the time at which the second engine was to be delivered, was · improperly admitted.　No time for delivery is mentioned in the written agreement and to that extent at least it is uncertain. "Where a verbal contract has been only partially reduced to writing by letters constituting an offer and acceptance, parol evidence is admissible to prove the terms of the contract not thus reduced to writing in pursuance of which the letters were written." "Where the written contract shows on its face that it is incomplete, evidence is admissible to supplement it." "Where a written agreement is silent as to the time during which it is to continue in force, parol evidence is admissible to prove the intention of the parties." 6 P. & L. Dig. of Dec. 10208. Under the principles thus stated, based upon a number of our adjudicated cases, it seems to us clear that the parol testimony of both the plaintiffs and defendant was admissible.　The testimony of both was heard by the jury, and the contention by the plaintiffs that the engine was to be furnished within five or six weeks after the acceptance of the proposal, and that of the defendant that it was to be furnished only in case an increase of power was needed, and that it was to be the judge of the necessity for such increase were fully presented for their consideration. The second assignment of error, which relates to the admission of the parol testimony of the plaintiff is, therefore, overruled.

The third assignment is unfair to the court below, in that it fails to embody the entire proposition, only part of which is assigned for error, which was: " If .you find that to be the case (that is, that the contract was an absolute agreement to take the machinery when it was manufactured and tendered them on the part of the plaintiffs), then the plaintiffs are entitled to a verdict for the whole amount of their claim, and the amount of the claim is not controverted; but, on the other hand, if you are not satisfied of that, if you can read into this contract an agreement that this was simply to be furnished to the railway company, when they would call for it or when the necessities required, then you ought to find a verdict for the defendant." This language imposes no " burden of proof " upon the defendant.　It in effect said to the jury: If the plaintiffs have satisfied you that their contention is correct, you will find for the plaintiff; if, on the other hand, the defendants have, by their testimony, enabled you to reach the other conclusion, the verdict

should be for the defendants.   It was equivalent to saying, your verdict should follow the preponderance of the evidence.

We see no error in the case as it was tried, and certainly none of which the defendant has a right to complain which would warrant a reversal.

Judgment affirmed.